UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6175-CR-ZLOCH/SELTZER

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : |
| KEN M. RICHARDS, <br> JUDY MARQUIS, <br> and, <br> PEGGY MEJIA | : <br> : <br> : <br> : |
| Defendants. | : |

## UNITED STATES' RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order with respect to defendant KEN RICHARDS. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

- A. 1. Copies of three audiotapes copies which contain (3) recordings of conversations had by defendant KEN RICHARDS and defendant PEGGY MEJIA and between defendant KEN RICHARDS and Marcos Tejedas have been provided to defense counsel together with this discovery response. Transcripts of these recordings will be provided to defense counsel.

    2. The government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

    3. No defendant testified before the Grand Jury.

    4. The NCIC record of the defendant has been provided to defense counsel together with this discovery response

    5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a

mutually convenient time at the Office of the United States Attorney, 500 East Broward, Suite 700, Ft. Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for August 15, 2000 at 10 a.m.. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

Some of the books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant have been provided to defense counsel together with this discovery response. The attachments to this discovery response, however, are not necessarily copies of all the books, papers, documents, etc., that the government may introduce at trial.

6. Latent Fingerprint Evaluation/Comparison Reports pertaining to defendant KEN RICHARDS have been provided to defense counsel together with this discovery response.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). At this point, the Government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendant KEN RICHARDS was identified in a six-person photo spread. A copy of the photo spread has been provided to defense counsel together

2

with this discovery response.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. Latent fingerprints were found on several counterfeit checks, as specified in the Latent Fingerprint Evaluation/Comparison Report provided to defense counsel, have been identified as that of the defendant. A copy of the latent fingerprint will be made available upon request to the undersigned.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional

information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

        Time: n/a
        Date: various
        Place: various

The attachments to this response are numbered pages __1__ - __66__. Please contact the undersigned Assistant United States Attorney if any pages are missing.

        Respectfully submitted,

        GUY A. LEWIS
        UNITED STATES ATTORNEY

        By: _____
        Bertha R. Mitrani
        Assistant United States Attorney
        Florida Bar No. 88171
        500 East Broward Boulevard
        Fort Lauderdale, Florida 33394
        Tel: 954/ 356-7255
        Fax: 954/356-7336

cc:    Special Agent Krout
       Agency

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by Federal Express this 9th day of August, 2000 to

Jack R. Blumenfeld, P.A.

2600 Douglas Road

911 Douglas Centre

Coral Gables, Florida 33134

Bertha R. Mitrani
Assistant United States Attorney