```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 00-6175-CR-ZLOCH
```

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                            **O R D E R**

KEN M. RICHARDS, JUDY MARQUIS,
PEGGY MEJIA, DAVID HILL,
a/k/a, "Miguel Ponce,"
ELIZABETH MAXIME, MESCAL SMITH,
WALTER VERRA, and KELSA VIALVA,

    Defendants.
_____/

    THIS MATTER is before the Court upon the Ex Parte Application For Protective Order, bearing file stamp of the Clerk of this Court dated August 24, 2000, filed herein by the Plaintiff. The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    The Court notes that on August 24, 2000, a federal grand jury in Fort Lauderdale, Florida, returned a superseding indictment in the above-styled cause charging the above-named Defendants with seventy-two (72) counts for violations of Title 18, United States Code, §§ 2, 371, 513(a), and 1344, involving bank fraud, making counterfeit securities of a private entity (First Union National Bank) and conspiracy to defraud the United States, and alleging that the property described in paragraph five of this Order would, in the event of conviction, be subject to forfeiture pursuant to Title 18, United States Code, § 982, and Title 21, United States



FILED by _____ D.C.
AUG 25 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

Code, § 853.

The Court further notes the United States has moved, <u>ex parte</u>, for a protective order pursuant to Title 18, United States Code, § 982 to preserve the status quo and to prevent the above-named Defendants from alienating, encumbering, or wasting said forfeitable property. The Court finds, based upon the superseding indictment and the application and memorandum submitted by the United States, that reasonable cause has been shown for entry of an <u>ex parte</u> protective order to preserve the property described in paragraph five of this Order.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Plaintiff's aforementioned Ex Parte Application For Protective Order be and the same is hereby **GRANTED** as follows:

1. The above-named Defendants, their agents, servants, employees, attorneys, family members, heirs, representatives, executors, administrators, assigns, and those persons in active concert and participation with them, be and the same are hereby enjoined, prohibited and restrained from selling, transferring, assigning, pledging, leasing, mortgaging, distributing, giving away, encumbering, alienating, receiving any distributions of proceeds, or otherwise participating in the disposal of (by transfer of stock or otherwise) or removal from the jurisdiction of this Court, with the intent to conceal and hide, or removing from

any checking or savings account, all or part of their interest, direct or indirect, legal or beneficial, in the property described in paragraph five of this Order, without prior approval of the Court upon notice to the United State and an opportunity for the United States to be heard, except as otherwise set forth in this Order;

2. The above-named Defendants, their agents, servants, employees, attorneys, family members, heirs, representatives, executors, administrators, assigns, and those persons in active concert and participation with them, be and the same are hereby enjoined, prohibited and restrained from taking any action or otherwise participating in any action which would tend in any way to diminish the value of the property described in paragraph five of this Order;

3. That the property described in paragraph five of this Order is now subject to this Court's jurisdiction, pending the final disposition of the forfeiture matters in this case and any further order of this Court;

4. That any disposition or transfer of the property described in paragraph five of this Order may be made only upon application to this Court, after timely notice to the United States;

5. That the property that is the subject of this Order, and that is described in the forfeiture section of the superseding indictment, is as follows:

      a.   $200,023.00 in United States currency, and all interest and proceeds traceable thereto, in that such sum represents proceeds which were obtained by the Defendants, directly and/or indirectly from the charged offenses;

      b.   Approximately $21,000.00 in account no. 656-101281-006 in the name of Ken M. Richards, at Morgan Stanley Dean Witter;

      c.   Approximately $26,000.00 in account no. 706 608 13 in the name of Ken M. Richards, at First Union National Bank;

      d.   Approximately $15,800.00 in account no. 706 705 92 in the name of Ken M. Richards, at First Union National Bank;

      e.   The equity remaining in a 1996 Honda Accord LX, VIN # 1HGCD5634TA133974;

      f.   Approximately $1,000.00 in account no. 1050001412345 in the name of Ken M. Richards, at First Union National Bank; and

  6.   That this protective Order shall be in effect during the pendency of this action.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this _25th_ day of August, 2000.

_____
WILLIAM J. ZLOCH
Chief United States District Judge

Copy furnished:

William Beckerleg, Jr., Esq., AUSA