UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
Case No.: 00-6175-CR-ZLOCH

UNITED STATES OF AMERICA,
Plaintiff,

vs.

JUDY MARQUIS,
Defendant.
______________________________/

FILED BY ___ D.C.
00 NOV 16 PM 2:32
CLERK U.S. DIST. CT.
S.D. OF FLA.-FTL

**DEFENDANT MARQUIS' RULE 32 CORRECTIONS AND OBJECTIONS TO THE PSI**

COMES NOW the Defendant, JUDY MARQUIS, by and through undersigned counsel, and files her Corrections and Objections to the PSI, pursuant to Rule 32 of the Federal Rules of Criminal Procedure, and states as follows:

1. Ms. Marquis objects to paragraph 7 of the PSI to the extent that it suggests that Judy Marquis provided Mejia with counterfeit checks, picked her up at her residence, introduced her to Ken Richards, etc. As paragraph 13 states "Marquis was not a recruiter in this offense as alleged by Mejia.

2. Ms. Marquis objects to paragraph 7 of the PSI to the extent that it asserts Ms. Marquis was arrested for driving while license suspended or revoked. Ms. Marquis was ticketed but not placed under arrest.



3. Ms. Marquis objects to paragraph 27 of the PSI that assesses a two level increase pursuant to U.S.S.G. § 2F1.1(b)(2)(A) for "more than minimal planning". Initially, it should be noted that the PSI states absolutely no justification for the enhancement. Although Ms. Marquis is charged in a 66 Count Indictment alleging bank fraud and uttering and possession of counterfeit securities, she is in fact charged in only nine counts over a period of less than two months.

4. The definition for "more than minimal planning" is defined in the commentary to § 1B1.1 (Application Instructions). Section 1B1.1 Application Note 1(f) states:

> "More than minimal planning" means more planning than is typical for a commission of the offense in simple form. "More than minimal planning" also exists if significant steps were taken to conceal the offense . . . "More than minimal planning" is deemed present in any case involving repeated acts over a period of time unless it is clear that each instance was purely opportune.

5. Although the offense certainly involved more than minimal planning by the principal defendant, Ken Richards, who was assessed an organizer or leader role, Ms. Marquis' conduct consisted of no planning at all. She had no involvement in the creation or design of the fraudulent checks. She was not privy to the planning of the

amount of the checks, the maker of the checks, the name of the bank or the name of the payee. Essentially, Ms. Marquis' involvement consisted of **less than the normal minimal planning**. Furthermore, the repeated acts over a period of time were purely opportune in that she had absolutely no control over the checks as mentioned above, and merely acted as a "runner" for Ken Richards who provided the checks at his convenience.

6. Additionally, it should be noted that one of the critical criteria in determining the existence of this enhancement is whether significant steps existed to conceal the offense. It is obvious in this case that Ms. Marquis made absolutely no effort to conceal the offense, and in fact cashed the checks with her real name clearly displayed as the payee, using her Florida driver's license as identification.

7. The adjustment for "more than minimal planning" was intended to "distinguish relatively simple crimes from more sophisticated ones". United states v. Massey, 48 F.3d 1560 (10th Cir. 1995); or "to describe the complexity of the overall scheme. . .", United States v. Stevenson, 68 F.3d 1292 (11th Cir. 1995).